```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        STATESVILLE DIVISION
                          5:10CV49-02-V
                          (5:08CR57-V)
```

| | |
|---|---|
| **DEMETRIO GARCIA-CASTALAN,** ) | |
|     Petitioner, ) | |
| ) | |
|        v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Aside, or Correct Sentence, filed October 12, 2009 (Doc. No. 1).

At the outset of its review, the Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. After conducting such review of Petitioner's Motion, the record of his criminal case, and the relevant legal precedent, the Court concludes -- out of an abundance of caution -- that Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him timely to pursue a

direct appeal of his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on November 18, 2008, a Bill of Indictment was filed, charging Petitioner with the aggravated offense of having knowingly and unlawfully attempted to enter, and having been found within the United States after a previous deportation, all in violation of 8 U.S.C. § 1326(a) and (b)(2). (Criminal Case No. 5:08CR57-V, Doc. No. 1). On February 20, 2009, Plaintiff appeared before the Court for a Plea and Rule 11 Hearing at which time he was placed under oath and engaged in the Court's standard, lengthy colloquy to ensure that his plea was being intelligently and voluntarily tendered. (Id., Doc. No. 11). After answering the Court's numerous questions, Petitioner entered his "straight up" guilty plea to the charge. (Id.). Thereafter, the Court carefully considered Petitioner's answers to its questions and concluded that the plea should be accepted. (Id.).

On October 13, 2009, Petitioner appeared before the Court for his Factual Basis and Sentencing Hearing. During that proceeding, the Court adopted the Pre-Sentence Report without modification. (Id., Doc. No. 18). Upon considering the remarks of the attorneys, the Court sentenced Petitioner to a term of 46 months imprisonment. (Id., Doc. No. 17). No appeal was filed in

2

that case.

Rather, on April 22, 2010, Petitioner filed the instant Motion to Vacate complaining that his Sixth Amendment rights have been violated. That is, Petitioner alleges that after the Court announced his sentence and advised him that he could appeal, he directed his attorney to file an appeal; however, counsel failed to follow that directive (Doc. No. 1 at 4 and 14). Indeed, Petitioner's Affidavit reports, inter alia, that prior to his being removed from the courtroom, he "specifically instructed [his] lawyer to submit a direct appeal on [his] behalf"; but that since that time, he has called counsel at his office on numerous occasions but counsel has not taken his calls. (Id. at 14). Accordingly, Petitioner asks the Court to vacate its Judgment in order to allow him to file a notice of appeal.

## II. **ANALYSIS**

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him. Id. See also Rodriquez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

In the instant case, Petitioner expressly has alleged that he directed his attorney to file an appeal but counsel failed to comply with his directive. Under the circumstances, counsel's failure to honor Petitioner's instruction that he file an appeal violates the principles announced in Peak and reaffirmed in Poindexter. Thus, even if the Government were to file a response

4

containing an affidavit wherein Petitioner's former attorney merely denies this allegation, the relevant legal precedent all but requires this Court to grant Petitioner's Motion to Vacate as to that limited issue in order to allow him to proceed with a direct appeal.

Accordingly, in light of the instant record the Court finds, out of an abundance of caution, that it should grant Petitioner's Motion, but only for the purpose of allowing him to file a direct appeal. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Therefore, the Court will vacate its Judgment and enter a new, identical Judgment so that Petitioner may appeal his conviction and/or sentence.

### III. **NOTICE OF APPELLATE RIGHTS**

Mr. Garcia-Castalan, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 14 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are

unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney. Notwithstanding whatever he may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 14-day period in order to make it effective.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That Petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2. That Petitioner's original Judgment is **VACATED** due to his attorney's failure to honor Petitioner's request for an appeal;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4. That Petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the Government is aware that former defense counsel has in his possession a document which affirmatively establishes that Petitioner advised counsel that he did not want an appeal, such as a signed waiver, counsel for the

Government may present that evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: April 26, 2010

Richard L. Voorhees
United States District Judge